IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 202

| | |
|---|---|
| JEFFREY SCOTT MCCALL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) <br> _____ ) | MEMORANDUM AND <br> RECOMMENDATION |

This matter is before the Court on the United States' Motion to Dismiss Amended Complaint (Doc. 8), which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). Having carefully considered the Motion, the record, and applicable authority, the undersigned respectfully recommends that the Motion be granted.

I. Procedural Background

Plaintiff Jeffrey Scott McCall filed his original Complaint on June 25, 2019. (Doc. 1).

The United States filed a Motion to Dismiss and a supporting brief on August 29, 2019. (Docs. 5, 6).

Thereafter, Plaintiff filed an Amended Complaint (Doc. 7) and the existing motion to dismiss was denied as moot.

The United States then filed the current Motion to Dismiss Amended

Complaint ("Motion to Dismiss") and a supporting brief on September 26, 2019. (Docs. 8, 9).

Defense counsel also filed a Notice of Supplemental Authority on November 20, 2019. (Doc. 10).

Plaintiff has not responded to the Motion to Dismiss.

## II. Factual Background

The material facts are as follows:

In June of 2011, Plaintiff, a resident of Transylvania County, North Carolina, was charged with three violations ("Violations Notices") of the Code of Federal Regulations:

1. Violation Number FAIX00BR, cutting or otherwise damaging any timber or tree, in violation of 36, C.F.R. § 2616A;

2. Violation Number FAIX00BQ, removing any timber or tree, in violation of 36 C.F.R. § 2616H; and

3. Violation Number FAIX00BS, use of vehicle off road in a manner which damages or unreasonably disturbs the land, in violation of 36 C.F.R. § 26115H.

Pl.'s Am. Compl. (Doc. 1) at ¶ 13; Def.'s Ex. 1 (Doc. 9-1) at 2-7.[1]

---

[1] The additional documents, including copies of the Violation Notices, that the United States has submitted may be considered under Rule 12(b)(6) as they are integral to and explicitly relied upon by the Complaint and because Plaintiff has not challenged their authenticity. Copeland v. Bieber, 789 F.3d 484, 490 (4th Cir. 2015) (citing

The Amended Complaint alleges that, upon information and belief, on or about November 10, 2011, the United States Forest Service ("USFS") seized a 2000 Jeep Wrangler MP owned by Plaintiff. Pl.'s Am. Compl. (Doc. 7) at ¶ 11. The property was stored at the USFS work center in Highlands, North Carolina. Id. at ¶ 12.

The United States and Plaintiff subsequently resolved the Violation Notices by way of a plea in which Plaintiff was required to pay a $500.00 collateral fine. Id. at ¶ 13. Plaintiff alleges that upon the acceptance of his plea agreement, the Jeep was to be returned to him, but that the USFS failed to do so. Id. at ¶¶ 13-14.

Plaintiff learned, in January 2016, that the USFS no longer had possession of his property and that it had been located by the Transylvania County Sheriff's Office "abandoned on the side of a road, damaged, and stripped of numerous parts." Id. at ¶ 15.

## III. Legal Standard

### A. Rule 12(b)(6)

In a motion made pursuant to Rule 12(b)(6), the central issue is whether

---

Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir.1999)). They may also be considered to the extent the Motion to Dismiss is made pursuant to Rule 12(b)(1) as, in such a context, the Court is "to regard the pleadings' allegations as mere evidence ... and may consider evidence outside of the pleadings without converting the proceeding to one for summary judgment." Upstate Forever v. Kinder Morgan Energy Partners, L.P., 887 F.3d 637, 654 (4th Cir. 2018) (quoting Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)).

the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In that context, the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 192. The court, however, is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 255; see Giacomelli, 588 F.3d at 192.

### B. Rule 12(b)(1)

"The plaintiff bears the burden of showing that the government has waived sovereign immunity at the motion to dismiss stage." Robinson v. United States Dep't of Educ., 917 F.3d 799, 802 (4th Cir. 2019) (citations omitted); see also Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp., 166 F.3d 642, 647 (4th Cir. 1999) (citing Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.1991) ("The plaintiff has the burden of proving that subject matter jurisdiction exists.").

A dismissal for lack of subject matter jurisdiction should be without prejudice, since in such a context the court is unable to reach the merits of the case. See e.g., Beazer E., Inc. v. U.S. Navy, 111 F.3d 129, 134 (4th Cir. 1997) (unpublished) ("If a court does not have subject matter jurisdiction over a claim, it can only dismiss without prejudice; it cannot reach the merits.").

4

## IV. Discussion

As noted above, Plaintiff has not responded to the Motion to Dismiss. His claim is therefore subject to dismissal on this basis. See Sasser v. Safe Home Sec., Inc., No. 1:18CV746, 2019 WL 3858607, at *5 (M.D.N.C. Aug. 16, 2019) (failing to respond to an argument constitutes an abandonment of a claim) (collecting cases). Nonetheless the United States' arguments are addressed in turn.

### A. Timeliness

Initially, the United States argues that Plaintiff's claim should be dismissed as untimely.

The Amended Complaint alleges:

- That on or about May 16, 2016 Plaintiff presented his claim "to the appropriate federal agencies for administrative settlement;"
- That his claim was denied in a letter dated December 2018;[2]
- That the December denial letter was not sent "until sometime after it was dated;" and,
- That the December denial letter was "reissued" and received along with a similar denial letter dated February 26, 2019.

(Doc. 7) at ¶ 4.

---

[2]The United States has provided a copy of this letter. It is undated except for a stamped date of December 7, 2018. See (Doc. 9-3) at 2.

5

"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C.A. § 2401(b). This limitations period is not jurisdictional but rather is a claims processing rule to which the doctrine of equitable tolling may be applied. United States v. Kwai Fun Wong, 575 U.S. 402, 420 (2015); Raplee v. United States, 842 F.3d 328, 335 (4th Cir. 2016).

The United States argues that the date of mailing of the first letter – not the mailing date of the second letter or the date Plaintiff received the first letter or the second letter – is the operative date from which the six-month limitations period begins to run. Specifically, the United States argues that Plaintiff's original Complaint was untimely because it was filed on June 25, 2019, which was more than six months after the date of the December letter (December 7, 2018).

Plaintiff's position on this issue, as seen in the Amended Complaint, is that his original Complaint was timely because it was filed less than six months after the date of the February letter (February 26, 2019). (Doc. 7) at ¶ 4 ("The Complaint in this matter was timely filed within six (6) months from the February 26, 2019, denial of his claim."); see also id. at ¶ 5 ("Plaintiff's

6

Case 1:19-cv-00202-MR-WCM  Document 11  Filed 01/02/20  Page 6 of 11

counsel incorrectly referenced the December 2018, denial as the beginning of the six (6) month period in which to file suit" as opposed to the February 2019 date).

A plaintiff is entitled to equitable tolling only if he is able to show that he has pursued his rights diligently and that extraordinary circumstances prevented him from filing his action on time. Raplee, 842 F.3d at 333. The Fourth Circuit has instructed that equitable tolling "is reserved for 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Id. (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

Here, the undersigned has significant doubts as to whether Plaintiff could show that he is entitled to equitable tolling or otherwise overcome the United States' arguments regarding timeliness. However, without a more fully developed record—including additional details regarding the specific mailing date of the December 2018 denial letter and information from Plaintiff's counsel regarding the circumstances of his receipt of the denial letters—and in light of the issue of subject matter jurisdiction also raised by the United States, the undersigned will not recommend dismissal of Plaintiff's claim on this basis.

### B. Sovereign Immunity

The matter of <u>Paul E. Owen v. United States</u>, No. 1:19-CV-00015-MR-WCM, involved nearly identical allegations, both factually and legally.

Plaintiff and Owen, along with a third individual, were involved in conduct that led to the issuance of the Violation Notices. <u>See e.g.</u>, (Doc. 9-1) at 2 ("During an investigation into the theft of chestnut logs, it was determined Paul Owen, Robert Blythe, and Jeff McCall were removing locust logs which were illegally cut and the three had cut many trees of various sizes in order to open an old haul road which was closed.").

In January 2019, Owen filed a complaint that included a single claim based on a theory of negligence and asserted that subject matter jurisdiction existed pursuant to 28 U.S.C. §§ 1331 and 1346(b) – specifically, that the United States' sovereign immunity had been waived by the FTCA. Plaintiff did likewise in June 2019.

Neither Owen nor Plaintiff alleged that the initial seizure of their property was invalid or that their property was damaged at the time it was seized. Rather, they alleged that the USFS subsequently mishandled their property and failed to return it after they pled guilty to the underlying charges. Likewise, neither Owen nor Plaintiff alleged that their property was seized pursuant to federal forfeiture laws.

In <u>Owen</u>, the undersigned recommended that a similar motion to dismiss

by the United States be granted. The District Court overruled Owen's objections and accepted the recommendation, noting that the FTCA is inapplicable to claims arising out of the detention of property by law enforcement officers and dismissing Owen's claim on the basis of the United States' sovereign immunity. See Paul E. Owen v. United States, No. 1:19-CV-00015-MR-WCM (W.D.N.C. November 18, 2019) (Doc. 14).[3]

As the argument Plaintiff advances here was directly addressed and rejected in Owen, and as the factual allegations and legal issues presented here are not distinguishable from those in Owen, the undersigned will recommend that Plaintiff's claims be dismissed on the same basis. Id. at 5 ("The Plaintiff argues that the FTCA applies here and waives the Government's sovereign immunity. The Plaintiff's claim, however, is clearly for the negligent storage of detained property by law enforcement. The United States is immune from such a claim.").

---

[3] Plaintiff has been given notice of the outcome of Owen as that decision is the subject of the Notice of Supplemental Authority (Doc. 10) filed by the United States in this matter.

9

## V. Recommendation

For the reasons stated, the undersigned **RECOMMENDS** that the United States' Motion to Dismiss Amended Complaint (Doc. 8) be **GRANTED** and that Plaintiff's claim be **DISMISSED WITHOUT PREJUDICE.**

Signed: January 2, 2020

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14) days** of service of same.  **Responses to the objections must be filed within fourteen (14) days of service of the objections.**  Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal.  See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).