# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00202-MR-WCM

| | |
|---|---|
| JEFFREY SCOTT McCALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Government's Motion to Dismiss Amended Complaint [Doc. 8]; the Magistrate Judge's Memorandum and Recommendation [Doc. 11] regarding the disposition of said motion; and the Plaintiff's Objections to the Magistrate Judge's Memorandum and Recommendation [Doc. 12].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Government's Motion to Dismiss and to submit a recommendation for its disposition. On January 2, 2020, the Magistrate Judge issued a Memorandum and Recommendation, recommending that the Government's Motion to Dismiss be granted. [Doc.

11]. On January 14, 2020, the Plaintiff filed Objections to Judge's Memorandum and Recommendation [Doc. 12].

The Plaintiff has filed what purports to be objections to the Magistrate Judge's Memorandum and Recommendation. The Plaintiff's filing, however, does not identify any specific error in the Magistrate Judge's proposed conclusions of law. Rather, the Plaintiff simply restates the allegations and legal theories asserted in his Amended Complaint.[1] Such "objections" do not warrant a *de novo* review of the Magistrate Judge's reasoning. Aldrich v. Bock, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). Nevertheless, the Court will proceed to address the Plaintiff's argument that his claim is not barred by sovereign immunity.

---

[1] The Court notes that the Plaintiff, who is represented by counsel, failed to respond to the Government's Motion to Dismiss and thus deprived the Magistrate Judge of the opportunity to address his legal arguments when considering the Government's Motion in the first instance.

The United States is generally immune from suit, <u>United States v. Testan</u>, 424 U.S. 392, 399 (1976), unless that immunity is abrogated by a waiver such as the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 1346. The FTCA, however, does not apply to claims arising from "the detention of any goods, merchandise or other property by any officer of customs or excise or any other law enforcement officer[,]" unless "the property was seized for the purpose of forfeiture . . . other than as a sentence imposed upon conviction of a criminal offense." 28 U.S.C. § 2680(c).

Here, the Plaintiff's claim is clearly for the negligent storage of detained property by law enforcement [<u>see</u> Doc. 7 at ¶ 20], and thus the FTCA does not apply by operation of § 2680(c). While the Plaintiff argues that the "carve-out" in § 2680(c) applies here, thereby waiving the Government's sovereign immunity, this argument is without merit. The property at issue was seized in connection with a criminal case, not under civil forfeiture law, and the Plaintiff agreed to a plea agreement wherein he paid $500.00 collateral for disposition of the underlying charges. As the property at issue was not "seized for the purpose of forfeiture . . . other than as a sentence imposed upon conviction of a criminal offense," the "carve-out" provision of § 2680(c) simply does not apply.

After a careful review of the Memorandum and Recommendation, the Court concludes that the Magistrate Judge's proposed conclusions of law are correct and are consistent with current case law, including Supreme Court precedent. Accordingly, the Court hereby accepts the Magistrate Judge's recommendation that the Government's motion to dismiss should be granted on the grounds of sovereign immunity.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections to the Magistrate Judge's Memorandum and Recommendation [Doc. 12] are **OVERRULED**, and the recommendation of the Magistrate Judge [Doc. 11] is **ACCEPTED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Dismiss [Doc. 8] is **GRANTED** on the grounds of sovereign immunity. This action is therefore **DISMISSED**.

The Clerk of Court is respectfully directed to close this case.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge